IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATHAN L. GUINN, | § | |
| | § | |
| Defendant Below, | § | No. 141, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID No. 0207018218 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  April 14, 2015
Decided:    June 9, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 9th day of June 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Nathan L. Guinn, filed this appeal from the Superior Court's denial of his motion for correction of sentence.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Guinn's opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in May 2003, a Superior Court jury found Guinn guilty of Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance ("PWITD"), Possession of a Narcotic Schedule II Controlled Substance Within 300 Feet of a Park, and Possession of Drug Paraphernalia. Guinn was sentenced to a total period of thirty-years of Level V incarceration, suspended after sixteen years and nine months. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(3) On June 2, 2014, Guinn filed a motion for correction of sentence. Guinn also filed a motion to compel and a motion for appointment of counsel. The Superior Court denied the motions in an order dated February 25, 2014. This appeal followed.

(4) In his opening brief on appeal, Guinn argues that the Superior Court erred in denying his motion for correction of sentence because his enhanced sentence for PWITD is illegal. Guinn's PWITD sentence was enhanced under 16 *Del. C.* § 4763(a)(3). At the time Guinn was convicted, Section 4763(a)(3) provided that the minimum term of imprisonment for a defendant with a second PWITD conviction was thirty years and the mandatory minimum term of imprisonment was fifteen years. Guinn contends that his enhanced PWITD sentence is illegal because the Superior Court did not ask him to admit or deny any

---

[2] *Guinn v. State*, 841 A.2d 1239 (Del. 2004).

2

previous conviction at sentencing as required by 11 *Del. C.* § 4215(a). The transcript of Guinn's sentencing does not reflect that any of the parties disputed that Guinn had a previous PWITD conviction and Guinn does not claim that he lacked a previous PWITD conviction.

(5) Guinn attacks the manner in which his sentence was imposed.[3] A motion to correct a sentence imposed in an illegal manner must be brought within ninety days after the sentence is imposed.[4] Guinn filed his motion for correction of illegal sentence more than ninety days after imposition of his sentence. Having reviewed the record, we do not discern any exceptional circumstances that would permit consideration of Guinn's claim. The Superior Court did not err in denying Guinn's motion for correction of sentence.

---

[3] *See, e.g., McLeaf v. State*, 2007 WL 2359554, at *1 (Del. Aug. 20, 2007) (holding motion for correction of illegal sentence based on contention that habitual offender hearing occurred outside defendant's presence was actually a motion for correction of a sentence imposed in an illegal manner); *Fennell v. State*, 2005 WL 1950215, at *1 (Del. July 19, 2005) (holding that defendant who claimed the State did not prove previous conviction was complaining that his sentence was imposed in illegal manner).

[4] Super. Ct. R. 35(a) ("The court…may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."); Super. Ct. R. 35(b) ("The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice